UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN G. WESTINE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-523-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, Federal Medical Center, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner John Westine is currently incarcerated at the Federal Medical Center ("FMC") in Lexington, Kentucky.  Proceeding without an attorney, Westine has filed a petition for a writ of mandamus to enforce the provisions of House Bill 5247.  [Record No. 1]  The Court ordered Westine to file his petition on a form approved for use by the Court for *pro se* civil rights actions, based on the nature of the relief requested.  [Record No. 4]  However, Westine responded with objections to that directive and made clear that he wished to proceed solely under 28 U.S.C. §§ 1361 and 1651.  [Record No. 7]  As a result, the Court will screen Westine's original petition.  *See* 28 U.S.C. § 1915(e)(2); *see also Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983.").

Title 28 of the United States Code, § 1361, invests district courts with jurisdiction over mandamus actions to compel an officer of the United States to perform a duty owed to a plaintiff. And 28 U.S.C. § 1651 more generally authorizes courts to issue all "necessary or appropriate" writs of mandamus. Westine's petition fails to state a valid claim for relief such that mandamus under either statute would be appropriate.

Westine contends that he is terminally ill and requires a stem cell transfusion. He asks the Court to issue a writ of mandamus enforcing the provisions of House Bill 5247, the so-called Right to Try Act. [Record No. 1] As an initial matter, House Bill 5247 was never enacted into law. H.R. 5247, 115th Cong. (2018). A similar bill, Senate Bill 204, did become law in 2018. But even so, that law merely limits the liability of a sponsor or manufacturer who provides certain investigational drugs to eligible patients. The law creates no substantive rights to any drugs or treatment methods for an individual like Westine. Further, the law creates no duty on behalf of the United States towards Westine. *See* S. 204, 115th Cong. § 3 (2018) (enacted) (explaining the law "does not establish a new entitlement or modify an existing entitlement, or otherwise establish a positive right to any party or individual").

In short, Westine does not allege that any of his existing constitutional rights have been abridged. He instead relies solely on a failed bill that establishes no substantive rights or duties. Because Westine's petition fails to state a claim upon

which relief may be granted, the Court will dismiss his request for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is hereby

**ORDERED** as follows:

1.      Westine's petition for a writ of mandamus [Record No. 1] is **DENIED**.

2.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: September 28, 2018.

Signed By:

*Danny C. Reeves*

**United States District Judge**